**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DONNIE PRATOLA, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | |
| | : | Civil Action No. 09-5459 (RBK) |
| v. | : | |
| ADRIENNE BARGE, | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES**:

    DONNIE PRATOLA, #66645/598645
    Bayside State Prison
    P.O. Box F-1
    Leesburg, NJ 08327
    Petitioner Pro Se

**KUGLER**, District Judge

Donnie Pratola ("Petitioner"), who is serving a life sentence for murder[1], filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a final administrative decision of the New Jersey Department of Corrections ("NJDOC") denying his request for a reduction in security status from gang minimum to full minimum. This Court will summarily dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by 42 U.S.C. § 1983, and deny a certificate of appealability.

**I. BACKGROUND**

Petitioner asserts the following facts. On April 3, 2002, officials at Bayside State Prison classified Petitioner as minimum custody status and approved his community halfway house

---

[1] See Pratola v. Sullivan, Civ. No. 08-2417 (NLH) opinion at p. 2 (D.N.J. Jan. 14, 2010).

status. On August 26, 2002, he was transferred to the Ballington House-Work House-Halfway House and on December 17, 2002, he was returned to Bayside State Prison. Petitioner asserts that, although the New Jersey State Parole Board recommended that Petitioner should seek placement in a halfway house, on July 3, 2007, the NJDOC denied Petitioner's request for a change in custody status from gang minimum to full minimum. Petitioner challenged this determination in the Superior Court of New Jersey, Appellate Division. In an opinion filed June 10, 2008, the Appellate Division affirmed the denial of a reduction in custody status. See Pratola v. N. J. Dept. of Correc., 2008 WL 2340223 (N.J. Super. Ct., App. Div., June 10, 2008).[2] On February 26, 2009, the New Jersey Supreme Court denied certification. See Pratola v. N.J. Dept. of Correc., 198 N.J. 316 (2009) (table). On July 2, 2009, the New Jersey Supreme Court denied Petitioner's motion for reconsideration. See Docket entry #1 at p. 5.)

Petitioner filed the Petition presently before this Court on October 14, 2009. The Clerk received it on October 22, 2009. Petitioner challenges the NJDOC's failure to reduce his security

---

[2] The Appellate Division rejected Petitioner's challenge as follows:

> [T]he Committee denied his application to change his custody status from "gang minimum" to "full minimum" based on the field account of his present offense of murder, which the Committee may rely on in making decisions concerning an inmate's custody status, as it is one of the nine enumerated factors contained in N.J.A.C. 10A:9-4.5(a). We discern no reason to interfere with the Committee's decision that appellant should be denied full minimum custody status and secured at a higher level of custody because of his history of violence, which also includes a disciplinary infraction in 1997 for threatening another with bodily harm.

Pratola, 2008 WL 2340223 at *1.

status from "gang minimum" to "full minimum" as a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[3]

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

---

[3] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

### III.  DISCUSSION

A. Jurisdiction

      Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

4

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time. See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges the denial of full minimum security status by the NJDOC on due process grounds.  However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial

determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction.

In <u>Woodall v. Federal Bureau of Prisons</u>, 432 F. 3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation authorizing pre-release custody. In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from an ordinary transfer:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. <u>See</u> <u>United States v. Hillstrom</u>, 988 F.2d 448 (3d Cir.1993); <u>see also</u> <u>United States v. Latimer</u>, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other

> circuits . . . , we conclude that Woodall's challenge to the BOP
> regulations here is a proper challenge to the "execution" of his
> sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Petitioner in this case challenges a final administrative decision of the NJDOC denying his request for a reduction in security status from gang minimum to full minimum. New Jersey statutes authorize the Commissioner or his agent to "designate as a place of confinement any available, suitable, and appropriate institution or facility whether owned by the State or otherwise, and [to] at any time transfer a person from one place of confinement to another." N.J. Stat. Ann. § 30:4-91.2; accord N.J. Admin. Code § 10A:20-1.4. The statute defines "facility" to include "private nonprofit community-based residential treatment centers which provide for the care, custody, subsistence, education, training and welfare of inmates." N.J. Stat. Ann. § 30:4-91.2. Under New Jersey law, "'reduced custody' means assignment of an inmate to a custody level that requires less supervision." N.J. Admin. Code § 10A:9-1.3. Inmates "classified as 'full minimum custody status are those assigned to: 1[)] [w]ork details, jobs or programs outside the main correctional facility, (on or off the grounds of the facility) with minimal supervision; and/or 2[)] [a] satellite unit or minimum security trailer unit."[4] Pratola, 2008 WL 2340223 at *1, n. 2 (quoting N.J. Admin. Code § 10A:9-4.3(e)).

It is clear that, under New Jersey law, even if Petitioner were classified as full minimum custody status, unlike Woodall, Petitioner would not necessarily be residing in a halfway house

---

[4] Inmates classified as "'gang minimum custody status' may be assigned to activities or jobs which routinely require them to move outside the security perimeter of the correctional facility, but [must remain] on the grounds of the facility and under the continuous supervision of a custody staff member, civilian instructor or other employee authorized to supervise inmates." Pratola, 2008 WL 2340223 at *1, n. 1 (quoting N.J. Admin. Code § 10A:9-4.3(d)).

in the community as opposed to a prison.  Moreover, unlike the pre-release custody placement in a community corrections center at issue in Woodall, Petitioner here is challenging a garden variety security classification, which may or may not result in a transfer to another facility.  His challenge to the failure to reduce his custody status from gang minimum to full minimum is not cognizable in a habeas corpus proceeding because it does not affect the fact or duration of his incarceration.  See Lee v. Williamson, 297 Fed. App'x 147 (3d Cir. 2008) ("We agree with the District Court that Lee's claims concerning retaliation, denial of placement in the drug treatment program, and medical needs do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"); see also Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks habeas jurisdiction to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 235 Fed. App'x. 882, 884 (3d Cir. 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population).

    This Court lacks habeas jurisdiction to entertain Petitioner's challenge to his gang minimum custody status and will dismiss the action for lack of jurisdiction [5], without prejudice to the filing of a civil rights action of the kind authorized by 42 U.S.C. § 1983.[6]

---

[5] This Court will deny the motion [docket entry #3] to produce relevant discovery and the motion [docket entry #5] for summary default judgment as moot.

[6] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee.  See Santana v. United States, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a Bivens action who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  See 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous
(continued...)

B.  Certificate of Appealability

This Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint[7] and denies a certificate of appealability.

s/Robert B. Kugler<br>
**ROBERT B. KUGLER**, District Judge

Dated:   March 4  , 2010

---

[6](...continued) or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint.

[7] This Court makes no finding as to the merits of such an action.  See Asquith v. Dept. of Corrections, 186 F. 3d 407 (3d Cir. 1999) (holding that New Jersey inmates participating in community release program have no protected liberty interest in remaining in halfway house).