**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DONNIE PRATOLA, | : | |
| | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | |
| | : | Civil Action No. 09-5459 (RBK) |
| v. | : | |
| | : | |
| ADRIENNE BARGE, | : | |
| | : | **MEMORANDUM OPINION** |
| Respondents. | : | |
| | : | |

IT APPEARING THAT:

1. Donnie Pratola ("Petitioner"), who is serving a life sentence for murder[1], filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a final administrative decision of the New Jersey Department of Corrections ("NJDOC") denying his request for a reduction in security status from gang minimum to full minimum.

2. By Order and Opinion entered March 5, 2010, this Court dismissed the Petition for lack of jurisdiction under § 2254, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by 42 U.S.C. § 1983, and denied a certificate of appealability. This Court reasoned that, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner did not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration or sentence, this Court lacked

---

[1] See Pratola v. Sullivan, Civ. No. 08-2417 (NLH) opinion at p. 2 (D.N.J. Jan. 14, 2010).

habeas jurisdiction.  See Lee v. Williamson, 297 Fed. App'x 147 (3d Cir. 2008) ("We agree with the District Court that Lee's claims concerning retaliation, denial of placement in the drug treatment program, and medical needs do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition"); see also Zapata v. United States, 264 Fed. App'x. 242 (3d Cir. 2008) (District Court lacks habeas jurisdiction to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 235 Fed. App'x. 882, 884 (3d Cir. 2007) (same); Bronson v. Demming, 56 Fed. App'x. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population).

    3.  On April 5, 2010, the Clerk received from Plaintiff an undated "MOTION FOR RECONSIDERATION TO REINSTATE PETITIONER'S HABEAS CORPUS PETITION PURSUANT TO F.R.C.P. 28 U.S.C. § 2254, FOR REINSTATEMENT OF PETITIONER'S FULL-MINIMUM CUSTODY STATUS TO REINSTATE HIS COMMUNITY RELEASE STATUS IN VIOLATION OF PETITIONER'S CONSTITUTIONAL RIGHTS UNDER DUE PROCESS OF LAW."  (Docket Entry #9.)   Attached to the motion were Petitioner's undated certification in lieu of oath in support of the motion, a memorandum dated September 6, 2006, from William F. Plantier, Director of Division of Operations of New Jersey Department of Corrections to all administrators concerning review process for full minimum eligibility, and copies of various documents filed in the Superior Court of New Jersey, Appellate Division.

Motion for Reconsideration

    4.  Local Civil Rule 7.1(i) provides that, unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion.  Local Civ. R.

2

7.1(i). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. See Holland v. Holt, 2010 WL 5018169 at * 2 (3d Cir. Dec. 9, 2010) (citing Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper . . . motion [to reconsider] therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F. 3d 666, 669 (3d Cir. 2010).

 5. In this case, Plaintiff's motion is untimely, as the face of the motion does not show that it was handed to prison officials for mailing to the Clerk on or before March 19, 2010, which is 15 days after entry of the Order of dismissal at issue.

 6. Although the motion is untimely, this Court will nevertheless consider whether Petitioner has shown any basis for reconsideration.

 7. The face of the motion indicates that Petitioner's motion is based on "Newly Discovered Evidence consistent to the Legislative Law created of September 6, 2006, for review process for his Full-Minimum Custody Eligibility." (Docket Entry #9, p. 1.) Petitioner supports the motion as follows in his accompanying certification:

> 1. I am the Petitioner . . . in his Motion for Reconsideration to Reinstate his Habeas Corpus Petition with Newly Discovered Evidence which is contrary to my Adversary's/Respondent's Pleading before the Appellate Division, and State Supreme Court of N.J.
>
> 2. On September 19, 2007 Petitioner, Pratola filed his Motion to Settle the Record . . . before the Appellate Division . . .
>
> 3. On January 15, 2008 Respondent filed his Letter Brief for the Department of Corrections which was inconsistent with the

> Legislative Law Promulgated of the Protocol filed on <u>September 6, 2006</u>, which states:
>
>> Pursuant to NJAC 10A:9-3,3 and 4.5, that should be considered when determining Reduced Custody Status; neither a Life Sentence nor a Murder Conviction may be used as the sole reason for Denial of Full-Minimum Custody Status.
>
> 4.  This Legislative Law was put into effect after Petitioner, Pratola challenged the Law . . .
>
> 5.  On January 15, 2008, in Respondent's Pleading to the Appellate Division, Respondent . . . used Petitioner's "Life Sentence for Murder" five times, violating the Protocol . . .
>
> 6.  In <u>1989</u> (<u>21</u> <u>years</u> <u>ago</u>) Petitioner, Pratola first received his Gang-Minimum Custody Status, and in September of 1996 his Full/Minimum Custody Status, and on June 4, 2002 his Community Release Custody Status to be transferred "by Contract with the New Jersey Department of Corrections to a Halfway House.'"
>
> 7.  At no time did any <u>Field</u> <u>Account</u> play any part of his Reduced Custody Status for 21 years!
>
> 8.  Petitioner was approved/reinstated for his Full/Minimum Custody Status by the Classification Committee on <u>May 21, 2009</u>, and recommended by the New Jersey State Parole Board "three times" to attempt entry back to the Halfway House; and, still Petitioner was Denied his Due Process of Law . . .

(Docket Entry #9, p. 2.)

    8.  Petitioner does not argue that this Court should reconsider the Order dismissing the Petition for lack of jurisdiction under § 2254 on the basis of an intervening change in relevant law concerning habeas jurisdiction, the availability of new evidence, the need to correct clear error of law or prevent manifest injustice.  Rather, the arguments Petitioner raises in his motion

and supporting papers go to the merits of the final decision of the New Jersey Department of Corrections to deny full minimum custody status.

      9.  This Court nevertheless notes that on December 2, 2010, the Third Circuit ruled in <u>McGee v. Martinez</u>, __ F. 3d __, 2010 WL 4911353 (3d Cir. Dec. 2, 2010), that a federal inmate's claim that the Bureau of Prisons' decision to restrict his commissary spending due to his failure to pay $75.00 per quarter toward a fine imposed by his judgment of conviction, which judgment directed that the fine was to be paid from prison earnings at a rate of $20.00 per month, was cognizable in a habeas corpus petition, rather than in a civil rights action.  The Third Circuit determined that Petitioner's challenge to the Bureau's decision to sanction McGee for failure to meet financial obligations imposed under regulations directing prison staff to develop and monitor an inmate's progress in paying the monetary obligations in the criminal judgment was cognizable as a habeas petition, since McGee claimed that "the payment terms imposed by the Bureau . . . are illegal in that they conflict with the terms imposed by the sentencing court (in the judgment [of conviction])."  <u>McGee</u> at *3.  The Court reasoned that, "[i]f the . . . payment requirement [imposed by the Bureau] is illegal, then so are McGee's placement in refusal status and the restrictions that come with it."  <u>Id.</u>  However, the Court reaffirmed the proposition that "the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case of a <u>Bivens</u> action into a habeas petition . . . even where the complained-of condition of confinement creates, as a secondary effect, the possibility that a the plaintiff will serve a longer prison term than that to which he would otherwise have been subject."  <u>Id.</u>

     10.  The Third Circuit's ruling in <u>McGee</u> left intact the law on which this Court relied to dismiss the Petition for lack of habeas jurisdiction.  Unlike McGee, Petitioner does not claim here that the administrative decision denying full minimum custody status is inconsistent with any part of his judgment of conviction or sentence.  <u>Cf.</u> <u>Asquith v. Volunteers of America</u>, 1 F. Supp. 2d 405, 408 n.6 & 416 (D.N.J. Mar. 20, 1998), <u>aff'd</u>, 186 F. 3d 407 (3d Cir. 1999) (because state inmate's challenge to revocation of participation in work release program relates to the conditions of his confinement, rather than the duration of his imprisonment, claim is properly brought as civil rights action, not habeas petition).

     11.  Based on the foregoing, this Court will deny Petitioner's motion to reconsider the Order dismissing the Petition for lack of jurisdiction under 28 U.S.C. § 2254.

     12.  An appropriate Order accompanies this Memorandum Opinion.


                                              s/Robert B. Kugler
                                              **ROBERT B. KUGLER, U.S.D.J.**


Dated:     December 14    , 2010